**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Wade Alan Knight, | |
| Plaintiff, | 3:19-cv-165-RCJ-CBC |
| vs. | |
| County of Elko, Julie Cavanaugh-Bill, | **ORDER** |
| Defendant. | |

Before the Court is Plaintiff's application to proceed *in forma pauperis.* (ECF No. 1). Based on the information regarding Plaintiff's financial status, the Court finds that Plaintiff is not able to pay an initial installment payment toward the full filing fee pursuant to 28 U.S.C. § 1915. Plaintiff will, however, be required to make monthly payments toward the full $350.00 filing fee when he has funds available.

Invoking 42 U.S.C. § 1983, the Plaintiff sues Elko County and his public defender, Ms. Julie Cavanaugh-Bill, because Ms. Cavanaugh-Bill allegedly filed an appeal from his criminal conviction too late. However, the Plaintiff cannot get the relief that he requests under Section 1983.

The Supreme Court has held that a prisoner in state custody cannot use a Section 1983 action to challenge "the fact or duration of his confinement," but instead must seek federal habeas corpus relief or the appropriate state relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005); *see Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (reiterating that the Supreme Court has "long

held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action"). In *Wilkinson*, the Supreme Court held that "a state prisoner's [Section] 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id*. at 81–82. *See Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (reiterating that the Supreme Court has "long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a [Section] 1983 action").

## **CONCLUSION**

For the foregoing reasons, it is ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) without having to prepay the full filing fee is **granted**. Plaintiff will **not** be required to pay an initial installment fee. Nevertheless, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting *in forma pauperis* status will not extend to the issuance and/or service of subpoenas at government expense.

It is further ordered that, pursuant to 28 U.S.C. § 1915(b)(2), the Elko County Jail will pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of **Wade Alan Knight, #31672** (in months that the account exceeds $10.00) until the full $350.00 filing fee has been paid for this action. If Plaintiff should be transferred and become under the care of the Nevada Department of Corrections, the Elko County Jail Accounting Supervisor is directed to send a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702, indicating the

amount that Plaintiff has paid toward his filing fee, so that funds may continue to be deducted from Plaintiff's account. The Clerk will send a copy of this order to the **Elko County Jail Accounting Supervisor, 775 West Silver Street, Elko, NV 89801.**

It is further ordered that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee will still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act.

IT IS FURTHER ORDERED that the case is dismissed, without prejudice, in its entirety for failure to state a claim.

IT IS FURTHER ORDERED that the Clerk of the Court shall send Plaintiff two copies of an *in forma pauperis* application form for a prisoner, one copy of the instructions for the same, two copies of a blank 28 U.S.C. § 2254 habeas corpus form, and one copy of instructions for the same.

IT IS FURTHER ORDERED that Plaintiff may file a habeas corpus petition and an *in forma pauperis* application in a new action, but he may not file any further documents in this action.

IT IS FURTHER ORDERED that this Court certifies that any *in forma pauperis* appeal from this order would be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

IT IS FURTHER that the Clerk of the Court shall enter judgment accordingly.

Dated this 21st day of May, 2019.

_____
ROBERT C. JONES
United States District Judge